UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WESTLEY H. ROGERS | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-532-SDJ |
| | § | |
| LOWE'S HOME CENTERS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, (Dkt. #14). Having considered the motion, applicable law, and briefing by both parties, the Court concludes that the motion should be **GRANTED**.

### I. BACKGROUND

Plaintiff Westley H. Rogers ("Rogers"), a former employee of Lowe's Home Centers, Inc. ("Lowe's"), brought this action concerning the alleged tortious conduct of Lowe's employee and Rogers's former supervisor, Susan Coleman ("Coleman"). Rogers claims that during his employment, Coleman assaulted and battered him on multiple occasions, including spitting in his face and "physically assault[ing] [Rogers] with a shopping cart." (Dkt. #12 ¶ 7). Asserting a theory of respondeat superior against Lowe's, Rogers argues that Coleman's alleged misconduct "was in furtherance of Coleman's job duties at Lowe's and was done in furtherance of Lowe's business or for the accomplishment of the goals for which she was employed by the Defendant." (Dkt. #12 ¶7). Of course, it's difficult to imagine how one employee's tortious assault of another employee could possibly "further" Lowe's business, and Rogers provides no factual assertions to support this extraordinary claim.

1

Rogers also claims that he "complained about [Coleman's conduct] to Lowe's management[,] which did nothing[,] thereby adopting and ratifying her conduct and accepting it as its own." (Dkt. #12 at ¶7). But beyond these conclusory statements, Rogers includes no further information concerning the content of his complaint to Lowe's, when, how, and to whom it was made, and any response from Lowe's. Nor does Rogers provide any other factual assertions supporting his suggestion that Lowe's ratified Coleman's conduct, for example information concerning whether Coleman was retained or terminated after Rogers's purported complaint.

Rogers also attempts to assert a claim under the Family and Medical Leave Act ("FMLA").[1] According to Rogers, Lowe's owes him $6,000 of benefits under the FMLA because he has "a serious medical condition that prevented him from working" and that "Lowe's interfered with, restrained, and denied" his attempts to take time away. As with his other claims, however, Rogers's FMLA claim is entirely devoid of factual allegations supporting his conclusory recitals. Rogers says nothing about the nature, diagnosis, or treatment of his purported medical condition. Also absent from Rogers's second amended complaint is any allegation about whether, and if so why, he was unable to perform the functions of a regular employee, and whether and how he went about requesting FMLA leave.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV.

---

[1] In his pleadings, Rogers only uses the acronym "FMLA" without reference to the statute. The Court presumes Rogers is referring to the Family and Medical Leave Act.

P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When assessing a motion to dismiss under Rule 12(b)(6), the facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To determine whether the plaintiff has pleaded enough to "nudge[] [its] claims . . . across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). This threshold is surpassed when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In conducting this review, the court's inquiry is limited to "(1) the facts set forth in the [second amended] complaint, (2) documents attached to the [second

amended] complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III. DISCUSSION

**A. Rogers Fails to Plausibly Allege a Respondeat-Superior Claim.**

Lowe's argues that Rogers has failed to plead sufficient facts establishing Lowe's liability for Coleman's alleged intentional torts.[2] (Dkt. #14 at 3–4). Under Texas law, an employer may be liable for the acts of its employees when the employee (1) acts "within the scope of the employee's general authority," (2) "in furtherance of the employer's business," and (3) "for the accomplishment of the object for which the employee was hired." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018) (quoting *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)). Generally, "[i]t is not . . . within the scope of a[n employee]'s authority to commit an assault on a third person." *Tex. & P. Ry. Co. v. Hagenloh*, 247 S.W.2d 236, 239 (Tex. 1952).

Rogers claims there is "no question" that his second amended complaint alleges that Coleman acted within the scope of her employment. (Dkt. #17 at 2–3). But Rogers's factual allegations supporting his respondeat-superior claim are

---

[2] Rogers alleges that Coleman put her finger in his face, spat in his face, and assaulted him with a shopping cart. (Dkt. #12 ¶ 7). If true, these allegations likely would constitute assault and battery under Texas law. *City of Watauga v. Gordon*, 434 S.W.3d 586, 589–90 (Tex. 2014). Additionally, at the Rule 12(b)(6) stage, these allegations are entitled to a presumption of truth. *Iqbal*, 556 U.S. at 679. Nor does Lowe's contest that these events occurred, only that Lowe's is not liable. Accordingly, the Court need not discuss the credibility or factual development of these specific allegations.

4

comprised solely of the conclusory statement that Coleman's misconduct "was in furtherance of Coleman's job duties at Lowe's and was done in furtherance of Lowe's business or for the accomplishment of the goals for which she was employed by the Defendant." (Dkt. #12 ¶ 7). This is precisely the type of "formulaic recitation of the elements of a cause of action" that will not satisfy the federal pleading standard under *Iqbal*. 556 U.S. at 678 (quotations omitted).

Rogers's second amended complaint does not include any allegations about Coleman's job duties at Lowe's or the nature of her alleged supervisory position over Rogers. The second amended complaint also includes no allegations whatsoever providing any explanation as to how Coleman's alleged assaultive behavior towards Rogers was undertaken within the scope of her job, "in furtherance of [her] job duties," or "in furtherance of Lowe's business," or how Coleman's alleged assaults on Rogers were for the purpose of "accomplish[ing] [] the goals for which [Coleman] was employed" by Lowe's. (Dkt. #12 ¶ 7). Without any explanation from Rogers, the Court cannot conceive of any situation in which an employee's assault and battery of a fellow employee could be viewed as conduct occurring within the scope of Coleman's work or in furtherance of Lowe's business objectives as a home improvement retail store.

Rogers's mere recitation of the elements of respondeat superior, devoid of any supporting factual allegations, plainly fails to satisfy the federal pleading standard.

**B. Rogers Also Fails to Adequately Allege a Ratification Theory.**

Likewise, Rogers fails to adequately plead facts to establish that Lowe's ratified or adopted Coleman's misconduct. Employers may be liable for employee misconduct outside the scope of their employment if the employer "confirms, adopts, or fails to repudiate the acts of its employee." *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 653 (5th Cir. 1994) (analyzing Texas law). Ratification may also be established by an employer's retention of an employee who has committed a tort when the employer (1) knows about the employee's misconduct, (2) recognizes the acts will continue if the employee is retained, (3) does nothing to prevent the ongoing tortious acts, and (4) chooses to retain the employee. *Id.* at 653–54. For retention of an employee to be considered ratification "[i]n cases of employer silence," the employer must "possess all material facts" of the conduct. *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d. 606, 615 (5th Cir. 1999) (citing *Sw. Bell Telephone Co. v. Wilson*, 768 S.W.2d 755, 764 (Tex. App.—Corpus Christi 1988, writ denied)).

The only allegation made by Rogers that could support a ratification theory against Lowe's is the conclusory assertion that "Plaintiff complained to Lowe's management which did nothing." (Dkt. #12 ¶ 7). However, "[t]o establish liability of an employer for the intentional tort of its employee under a theory of ratification, a plaintiff must demonstrate that the intentional tort was done in the employer's interest or was intended to further some purpose of the employer's." *Donahue v. Melrose Hotel*, No. 3:95-CV-2630-R, 1997 WL 148012, at *11 (N.D. Tex. Mar. 26, 1997) (citing *Dillingham v. Anthony*, 11 S.W. 139, 142 (Tex. 1889); *Geiger v. Varo*,

*Inc.*, 1994 WL 246159, at *6 (Tex. App.—Dallas 1994, writ denied) (unpublished); *Sheffield v. Cent. Freight Lines, Inc.*, 435 S.W.2d 954, 956 (Tex. Civ. App.—Dallas 1968, no writ)).

Here, again, Rogers's second amended complaint is insufficient. There are no factual allegations concerning the nature or content of Rogers's "complaint" about Coleman or any response from Lowe's. Thus, Rogers does not say how he communicated his complaint, the substance of the complaint, to whom at Lowe's he made the complaint, when he made the complaint, and whether, when, and how Lowe's responded to the complaint about Coleman. There are also no factual allegations describing how Lowe's, presumably through its managers, sought to further the company's business purpose by taking no action concerning Coleman's alleged violent conduct toward Rogers. Nor does Rogers allege how long Lowe's retained Coleman following her alleged tortious conduct, or whether she was summarily terminated.

With nothing more than conclusory assertions that Rogers "complained" to Lowe's about Coleman and Lowe's "did nothing," Rogers has failed to plausibly allege facts that could support a ratification theory of liability against Lowe's.[3]

**C. Rogers Fails to Adequately Plead a Claim Under the FMLA.**

Lowe's also argues that the second amended complaint fails to plead sufficient facts to establish a prima facie case under the FMLA. (Dkt. #14 at 4–5). Two related

---

[3] Rogers has not alleged in his second amended complaint or asserted in his response to the dismissal motion an ordinary negligence claim or any claim under a premises liability theory.

7

provisions of the FMLA are relevant here. The FMLA's "self-care" provision states that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following . . . (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA also prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave. *Id.* § 2615(a)(1).

Rogers claims that Lowe's owes him $6,000 of benefits under the FMLA because he has "a serious medical condition that prevented him from working" and that "Lowe's interfered with, restrained, and denied" his attempts to take time away. (Dkt. #12 ¶ 9). He further alleges that because of his request to take time off, "he suffered [an] adverse employment decision" and that "other employees who did not request FMLA treatment were treated more favorably than [him]." (Dkt. #12 ¶ 9).

As with Rogers's other assertions, these conclusory allegations lack any supporting factual content and thus are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 679. Rogers's first FMLA claim is merely a conclusory statement that Lowe's "owes Plaintiff $6,000 in FMLA funds." (Dkt. #12 ¶ 9). Rogers offers no elaboration, for example, on essential underlying facts such as the nature of his medical condition, whether he received inpatient care, or whether he underwent continuing treatment by a healthcare provider. All of these are vital to understanding whether Rogers has plausibly alleged a serious health condition. *See Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 579 (5th Cir. 2006)

(citing 29 C.F.R. § 825.114(a)) (explaining that the governing regulation defines a "serious health condition" as one involving "(1) inpatient care or (2) continuing treatment by a health care provider"). Rogers also says nothing about whether, and if so why, he was unable to perform the functions of a regular employee, and whether and how he went about claiming FMLA leave. Rogers's brief and conclusory assertions concerning his FMLA claim, without any supporting factual allegations, fail to plausibly allege an FMLA claim.

Rogers's FMLA interference claim is likewise deficient. The elements of an FMLA interference claim are as follows: (1) the employee was an eligible employee, (2) the employer was subject to the FMLA's requirements, (3) the employee was entitled to leave, (4) the employee gave proper notice of his or her intention to take FMLA leave, and (5) the employer denied benefits to which the employee was entitled under the FMLA. *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F.App'x 312, 316 (5th Cir. 2013) (per curiam). In his bare bones second amended complaint, Rogers fails to adequately allege facts under any of these elements, again relying on conclusory statements that merely recite the elements of the claim.

Specifically, Rogers fails to plausibly allege that he was an eligible employee because he says nothing about how long he worked for Lowe's or how many hours he worked in the previous 12 months. *See* 29 U.S.C. § 2611(2)(A). In addition, Rogers has not alleged the basis for his entitlement to leave because he says nothing about the extent to which he was able to perform the functions of his position or how long

his condition could theoretically keep him from work. *Gray v. Sears, Roebuck & Co., Inc.*, 131 F.Supp.2d 895, 901 (S.D. Tex. 2001).

Moreover, Rogers fails to allege that he gave proper notice of his intention to take FMLA leave. In this regard, Rogers provides no information whatsoever concerning whether he advised any Lowe's personnel of his FMLA leave request, and if so, which Lowe's employee(s) or supervisor(s) he notified of his request, when he made the request, through what means he made the request, or any other facts that show he reasonably appraised Lowe's that his request could fall under the FMLA. *Lanier*, 527 F.App'x at 316 ("Although an employee need not use the phrase 'FMLA leave,' []he must give notice that is sufficient to reasonably apprise [his] employer that [his] request to take time off could fall under the FMLA."). Finally, Rogers fails to plausibly allege that he was denied benefits to which he was entitled because he does not indicate whether he was denied a return to his position after taking leave or how he was otherwise discriminated against. *Mauder*, 446 F.3d at 580. Taken together, these pleading inadequacies in Rogers's live complaint doom his FMLA interference claim.

### D. The Motion Will Be Granted With Prejudice.

"A dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, 385 F.Supp.2d 587, 592 (N.D. Tex. 2004). The Fifth Circuit has defined "futile" as meaning "that the amended complaint would fail to state a claim upon which relief could be granted," applying the same standard as Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Here, despite having his pleading defects identified by Lowe's in two prior Rule 12(b)(6)

motions, (Dkt. #4, #9), Rogers has proved to be unable or unwilling to remedy his prior pleading deficiencies in his second amended complaint.

The Court notes that Rogers has filed a Motion for Leave to Amend, (Dkt. #22), in which he seeks to file a third amended complaint. But Rogers's proposed "Third Amended Complaint," (Dkt. #23), addresses none of the deficiencies in his second amended complaint that are discussed in this Order. Rather, the only change made in Rogers's proposed third amended complaint is an elaboration on the status of a criminal prosecution against Coleman for her alleged assault and battery of Rogers. (Dkt. #22 ¶ 3).

Under the circumstances, the Court concludes that allowing Rogers to file a third amended complaint would be futile, and therefore the Court will dismiss his second amended complaint with prejudice.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, (Dkt. #14), is **GRANTED**.

It is further **ORDERED** that Rogers's Second Amended Complaint, (Dkt. #12), is **DISMISSED with prejudice**.

It is further **ORDERED** that Rogers' Motion for Leave to Amend, (Dkt. #22), his Complaint, is **DENIED**.

The Court will enter a final judgment by separate order.

11

**So ORDERED and SIGNED this 6th day of April, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE